■ In the Matter of ALVIN SOLOMON et al., Appellants, v NATHAN QUINONES as Chancellor of the New York City Schools, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents Nathan Quinones and the Conflict of Interest Committee of the Board of Education of the City of New York that the assignment of the petitioners to the same school constitutes a conflict of interest, the petitioners appeal from a judgment of the Supreme Court, Kings County (Bernstein, J.), dated August 17, 1987, which dismissed their petition.

Ordered that the judgment is affirmed, with costs.

On September 6, 1983, the respondent Quinones, then the Chancellor of the New York City Schools, promulgated regulation C-110 which, *inter alia,* prohibited a person employed in a city school district from supervising a "near relative", a term which was defined so as to include a spouse. Regulation C-110 also empowered the Board of Education's Conflict of Interest Committee to interpret the regulation, to investigate all conflict of interest questions and recommend action to the Chancellor. Pursuant to the regulation, the Conflict of Interest Committee determined that a supervisory conflict of interest relationship did exist between the petitioners, Alvin Solomon, an assistant principal at Junior High School 62, and Evelyn Meyer-Solomon, an art teacher at that school. The petitioners have been married since 1984. In September 1987, in order to resolve the above conflict of interest, the petitioner Evelyn Meyer-Solomon was transferred to another school within the same district. The petitioners thereafter commenced this proceeding to annul the determination on the grounds that it was arbitrary, capricious and an abuse of discretion. The Supreme Court dismissed the petition, finding that the determination was rational and reasonable.

It is well settled that in reviewing an administrative determination made without a hearing, a court may not substitute

its judgment for that of the agency responsible for making the determination but must ascertain whether there is a rational basis for the decision or whether it is arbitrary and capricious *(see, Warder v Board of Regents,* 53 NY2d 186, *cert denied* 454 US 1125). In view of the actual manner in which Alvin Solomon did in fact supervise Evelyn Meyer-Solomon, and in view of the potential for a generalized perception of favoritism on the part of other members of the teaching faculty, especially in light of Alvin Solomon's position as an assistant principal, the Supreme Court correctly determined that the Chancellor's determination was neither arbitrary nor capricious.

Furthermore, the Chancellor's order to involuntarily transfer one of the appellants did not violate Education Law § 2590-j (8). That section imposes limitations as to when the community superintendent may transfer faculty members. It places no such restrictions on the Chancellor. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.